**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAWRENCE BOYD

Plaintiff,

Case No. 99-73775
Hon. George E. Woods

vs.

MARISSA CLARK, ED CLARK, SHERRY KEYES & THE CITY OF DETROIT,

Defendants.

'00 APR 25 AM 1:48
U.S. DIST. COURT CLERK
EAST. DIST. MICH.
FILED

**JAMIE RYAN RYKE (P56503)**
Attorney for Plaintiff
**THAV & RYKE, P.L.L.C.**
19111 W. 10 Mile Road, Suite #203
Southfield, MI 48075
(248) 945-1111

**John E. Melton (P56294)**
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
1650 First National Building
Detroit, MI 48226
(313) 237-3049

**PLAINTIFF'S RESPONSE TO AND BRIEF IN SUPPORT OF DEFENDANT CITY OF DETROIT'S MOTION FOR SUMMARY JUDGMENT**

**NOW COMES** the Plaintiff, LAWRENCE BOYD, by and through his counsel, THAV & RYKE P.L.L.C., and for his Response to Defendant's Motion for Summary Disposition, states as follows:



18

1. Plaintiff has alleged a breach of his Federal Constitutional Rights, specifically a breach of his Constitutional Right to Due Process of the Laws.

2. Plaintiff's claims are based on an extraordinary breach of not only official policies, customs and practices of the city police department but also the laws of the State of Michigan and the United States.

3. A determination of the City of Detroit's liability under a Section 1983 action is proper where the injured party has been deprived of his constitutional right of due process guaranteed by the fifth amendment and fourteenth amendment.

4. Plaintiff has alleged that Defendant City of Detroit is liable for damages as a result of the solicitation, conspiracy, false arrest and false imprisonment pleaded in the Complaint.

5. Defendant Sherry Keyes was acting as an agent for the City of Detroit, within the scope of her employment, and in violation of her employer's customs practices and policies, compelling the liability of the Defendant City of Detroit.

6. Defendant City is therefore not entitled to summary judgment.

7. Plaintiff has alleged intentional torts, including, but not limited to, solicitation, conspiracy as well as false imprisonment.

8. Defendant City of Detroit contends that it is immune from tort liability based on Public Act No. 170 of 1964, as amended; MCL 691.140 et seq; MSA 3.996(101) et seq.; and *Ross v Consumer Power Co.*, 420 Mich 567, 363 NW2d 641 (1984).

9. Defendant City of Detroit claims that it is immune form tortious acts which either the agency or its agents commit.

10. Plaintiff alleges that the City of Detroit may be held liable as a municipality where the basis for the liability lies with the inadequate training of its agents and officers.

11. Plaintiff claims that Defendant City of Detroit may be held liable under *Madison v. City of Detroit,* 527 NW2d 71 (Mich App. 1995) where the court allowed for a specific exception to Section 7(1) of the governmental immunity act for an intentional tort.

**WHEREFORE,** Plaintiff Lawrence Boyd respectfully requests that this honorable court enter and Order denying Defendant's Motion to Dismiss and for Summary Judgment herein, and award the Plaintiff costs and attorney fees for having to bring this Response to the Motion.

Respectfully Submitted,

**THAV & RYKE, P.L.L.C.**

By: \s\ ______________________

**Jamie Ryan Ryke (P56503)**
Attorney for Plaintiff
**Thav & Ryke, P.L.L.C.**
19111 W. 10 Mile Road Suite # 203
Southfield, MI 48075
Phone: (248) 945-1111

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF DETROIT'S MOTION FOR SUMMARY JUDGMENT

## PLAINTIFF'S ALLEGATIONS

Plaintiff Lawrence Boyd alleges that Defendant Police Officer Sherry Keyes, as an agent for the Defendant City of Detroit, Defendant Marissa Clark and Defendant Ed Clark conspired to frame him for arson resulting in a false arrest and imprisonment depriving him of due process. Plaintiff also alleges that as a result of the solicitation, conspiracy, and false imprisonment intentionally committed by these individual Defendants, he suffered several damages outlined in the Complaint including but not limited to unwarranted time spent in prison, loss of custody, companionship, and emotional support of his daughter, lost current employment, et al.

## ISSUES PRESENTED

1. Whether Plaintiff has failed to allege or show a policy, custom or practice which was the moving force behind the alleged constitutional tort; and

2. Whether the Defendant City of Detroit is statutorily immune as to the intentional tort claim.

## AUTHORITIES

## MATERIAL ISSUES TO BE LITIGATED

A motion for summary judgment in accordance with FRCP 56 should be granted only if there is no material issue to be litigated. The Court is required to concern itself

solely with the existence of any genuine issue of material fact viewed in the light most favorable to the non-moving party. Consequently, when the pleadings, the supporting matters, and reasonable inferences demonstrate a material factual dispute, summary judgment is inappropriate.

> Accepting as true plaintiff's allegations, and any conclusion that may reasonably be drawn therefrom, motion for summary judgment on ground allegations failed to state a claim for which relief can be granted must be denied unless claim is so clearly unenforceable as matter of law that no factual basis could justify right to recover.

*Ross v. Consumers Power Co.* 420 Mich 567, 363 NW2d 641 (Mich. 1984).

## POLICY, CUSTOM OR PRACTICE AS THE MOVING FORCE BEHIND THE INTENTIONAL TORT

In *Spell v. McDaniel,* 824 F.2d 1380 (4th Cir. 1987) the Court held that the inadequacy of police training may serve as the basis for Section 1983 liability where the failure to train it's employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a failure constitute a city "policy or custom" that is actionable under Section 1983. In the instant case the Defendant Police Officer used the power given to her as a Police Officer and abused it in order to effectuate her own personal gain. The most dangerous abuse in any society is that by those who have been given "police power". Just as we give our police officers a certain level of deference they are enforcing the laws we must be just as careful in preventing them from abusing this power for their personal advantage.

This premise must be repeatedly instilled in the minds of our police and their agencies. With the repeated number of incidents that we are subjected to as a result of our police force abusing their privileges we must look to the root of the problem, the system itself. There is no question that police officers are not educated enough with regard to the limits of their power and their privileges. The police force and more specifically the City of Detroit Police Department must provide increased education and harsher consequences for those police officers who take advantage of their positions.

There is no question that the actions taken by the Defendant were in violation of Department policy, custom and practice, the question is should we hold the police officer solely responsible for her actions or should the department be held accountable as well. Plaintiff submits that we must hold the police department partially responsible if not wholly responsible for the problems with it's employees. Or at the very least the court must consider the actions of the Defendant in this case to be a direct violation of her employers custom policy and practice.

Thereby Plaintiff contends that the Defendant City of Detroit violated his right to Due Process of the laws of both the United States and the State of Michigan.

**GOVERNMENTAL IMMUNITY**

In a 1995 case *Madison v. City of Detroit*, 527 NW2d 71 (Mich App. 1995) the court conducted a *de novo* review of the statutory language provided in the governmental immunity act. The court specifically states:

"We do not believe that the Legislature

> intended to shield any employer, particularly the government, when it's agent intentionally orders an employee to commit acts certain to cause injury"

In this same case the court allowed for a specific exception to Section 7(1) of the governmental immunity act. M.C.L. Section 418.131(1); M.S.A. Section 17.237(131)(1) was enacted after Section 7(1) and specifically permits an intentional tort exception to governmental immunity in worker's compensation cases. In *Madison* the court agreed with this analysis. It went on to state that "An intentional tort shall exist...if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge".

Although the case has been reversed by the Michigan Supreme Court, *Madison v. City of Detroit*, 547 NW2d 653 (Mich. 1996), the court stated in it's reversal that it was not reversed as to the statement of law, but rather as to the specific facts of that case. It states that "the facts of this case do not constitute such an intentional tort as a matter of law".

"To determine existence and scope of pulic officer's immunity from tort liability in particular situation, specific acts complained of, rather than general nature of activity, must be examined." *Ross v. Consumers Power Co.* 420 Mich 567, 363 NW2d 641 (Mich. 1984).

In the instant case, Plaintiff alleges that Defendant City of Detroit is liable for the tortious conduct of its officer Defendant Sherry Keyes. The issue to be litigated is

whether the Defendant conspired with the other Defendants named herein to falsely arrest and imprison the Plaintiff thereby not affording him the rights guaranteed by the fifth amendment and fourteenth amendment due process clause of the Constitution. Certainly, if the court were to find that Defendant did act purposely in attempting to harm the Plaintiff then there is no question that she committed at least one intentional tort against the Plaintiff if not several.

Consequently Plaintiff's Complaint states several claims on which relief can be granted against the City of Detroit. Plaintiff Lawrence Boyd is thus entitled to a denial of the Defendant's motion for summary judgment pursuant to FRCP 56.

**CONCLUSION**

For all of the above stated reasons, Plaintiff Lawrence Boyd requests that this Honorable Court deny the Defendant's Motion to Dismiss and for Summary Judgment, and award it costs and attorney fees.

Respectfully Submitted,

**THAV & RYKE, P.L.L.C.**

By: \s\

**Jamie Ryan Ryke (P56503)**
Attorney for Plaintiff
**Thav & Ryke, P.L.L.C.**
19111 W. 10 Mile Road Suite # 203
Southfield, MI 48075
Phone: (248) 945-1111

DATED April 21, 2000
JRR

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAWRENCE BOYD

Plaintiff,

Case No. 99-73775
Hon. George E. Woods

vs.

MARISSA CLARK, ED CLARK, SHERRY KEYES & THE CITY OF DETROIT,

Defendants.

______________________________/

'00 APR 25 AM 1:47

**JAMIE RYAN RYKE (P56503)**
Attorney for Plaintiff
**THAV & RYKE, P.L.L.C.**
19111 W. 10 Mile Road, Suite #203
Southfield, MI 48075
(248) 945-1111

**JOHN E. MELTON (P56294)**
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
1650 First National Building
Detroit, MI 48226
(313) 237-3049

**BEN M. GONEK (P43716)**
**PEGGYY K. MADDEN (P39308)**
407 E. Fort St., Ste. 400
Detroit, MI 48226
(313) 964-2255

______________________________/

**PROOF OF SERVICE**

I, Jeffrey Thav, being first duly sworn state that on April 18, 2000, I mailed

**Plaintiff's Response to and Brief in Support of Defendant City of Detroit's Motion for**

**Summary Judgement**, together with this **Proof of Service** to Defendants attorneys:

Ben Gonek
407 E. Fort Street, Ste. 400
Detroit, MI 48226

John E. Melton
1650 First National Building
Detroit, MI 48226

by depositing same in a sealed, self addressed, stamped envelope and depositing said envelope in a United States Mail receptacle located in Southfield, Michigan.

Jeffrey Thav